United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-60750
Summary Calendar

————————————

ZHU DI ZHANG,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 316 786
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Zhu Di Zhang, a citizen of China, petitions for review of an order from the Board of Immigration Appeals affirming, without opinion, the immigration judge's decision to deny his application for asylum, withholding of removal, and relief under the Convention Against Torture. Zhang argues that the IJ erroneously concluded that he was not credible and ignored his substantial evidence that he faced persecution in China based on his religion.

Zhang initially told immigration authorities in sworn statements that he came to the United States to work and that he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not fear persecution on religious grounds. The IJ determined that Zhang was not credible because the religious persecution claim was fabricated and developed only after Zhang arrived in the United States. The IJ concluded that Zhang's application for asylum was frivolous. The IJ rejected, as likewise unsupported, Zhang's claims for relief under the U.N. Convention against torture.

"We give great deference to an IJ's decisions concerning an alien's credibility." Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). In this regard, we have made it emphatically clear that we "will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." Chun v. I.N.S., 40 F.3d 76, 78 (5th Cir. 1994) (quotation omitted). Based on the record, we conclude that the IJ's decision is supported by substantial evidence and the record does not "compel[]" a contrary conclusion. Id.

**PETITION DENIED**.